UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| PAULA PROPPS, | ) | |
| | ) | |
| Plaintiff | ) | 2:13-cv-00662-LDG-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **O R D E R** |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's *Ex Parte* Motion to Extend Time to Serve Summons and Complaint. Docket No. 8.

**BACKGROUND**

On April 19, 2013, Plaintiff filed her Motion for Application to Proceed *In Forma Pauperis*. Docket No. 1. That same day, she filed her Complaint and paid the $350 filing fee. Docket No. 2.

On September 18, 2013, the Clerk of the Court issued the summons as to Carolyn W. Colvin. Docket No. 5. The Court then denied Plaintiff's Application to Proceed *In Forma Pauperis* on the grounds that Plaintiff had already paid the filing fee and filed her Complaint. Docket No. 6. On September 24, 2013, the Clerk's Office issued a notice of intent to dismiss pursuant to Fed.R.Civ.P. 4(m), indicating that Plaintiff had failed to file proof of service. Docket No. 7.

In her present Motion, Plaintiff requests additional time to complete service on the grounds that she was diligent in following up on the issuance of the Summons. Docket No. 8, at 5.

. . .

**DISCUSSION**

Plaintiff made the puzzling decision to file an Application to Proceed *In Forma Pauperis* and pay the filing fee for her Complaint on the same day.[1] See Docket Nos. 1 and 2. The purpose of an Application to Proceed *In Forma Pauperis* is to request a waiver of the filing fee due to an inability to pay such fees. 28 U.S.C.A. § 1915. Therefore, once Plaintiff paid the filing fee she was indicating that she could, in fact, pay the filing fee and she should have withdrawn her request to proceed *in forma pauperis*. By failing to do so, Plaintiff created confusion with the Court and delayed the issuance of the Summons. Accordingly, the Summons was not issued until approximately one month after Plaintiff's proof of service was due.

Pursuant to Fed.R.Civ.P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

Here, Plaintiff created the situation which caused the delay in the issuance of the summons because she filed conflicting requests at the outset of her case. However, since the Summons was not issued until September 18, 2013, the Court finds that good cause exists to extend the service deadline. Accordingly, the Court GRANTS an additional 120 days from the date the summons was issued to properly serve Defendant. Plaintiff must serve Defendant and file proof of service with the Court no later than January 16, 2014.

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] Plaintiff is represented by Counsel who should have been aware of the conflicting nature of these filings.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motion to Extend Time to Serve Summons and Complaint, Docket No. 8, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must serve Defendant and file proof of service with the Court no later than January 16, 2014.

DATED this __30th__ day of September, 2013

**NANCY J. KOPPE**
**United States Magistrate Judge**